UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP MICHAEL ERAVI; CHANSI LONG; )
and LAWRENCE ACCOUNTABILITY, LLC, )
                                                        )
      Plaintiffs,                           )
                                                        )   Case No. 5:23-cv-04109-JAR-GEB
vs.                                            )
                                                        )
CITY OF LAWRENCE, KANSAS;          )
CICELY THORNTON:                      )
RYAN ROBINSON; and                 )
SKYLAR RICHARDSON,              )
                                                        )
      Defendants.                    )

**DEFENDANTS CITY OF LAWRENCE, KANSAS,
CICELY THORNTON, RYAN ROBINSON AND SKYLAR RICHARDSON'S REPLY IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO PLAINTIFF'S MOTION TO FILE AN AMENDED PETITION**

For a complaint to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While well-pled facts are viewed in the plaintiff's favor, and the court is allowed to draw *reasonable* inferences from the allegations. *See id*. at 678 (emphasis added). However, the legal standard on a motion to dismiss does not allow the court to accept unreasonable, self-serving, and unsupported inferences from a party's own pleading. In addition, conclusory statements are not entitled to the presumption of truth. *Id.*

Plaintiff's Response admits that the Complaint fails to meet his burden to avoid dismissal and attempts to correct this failure by asking the Court for leave to amend. Plaintiff's failure to comply with D. Kan. Rule. 15.1 is fatal to this request and requires the same be denied. The claims asserted in the Complaint fail to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) as set out in detail in the Defendants' Memorandum in Support of their Motion to Dismiss. Doc. 12.

I. **PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint (Doc. 1) on November 15, 2023, alleging two counts against the Defendants collectively pursuant to 42 U.S.C. § 1983: Count I for violations of the First Amendment and Count II for Abuse of Process[1]. Defendants timely moved to dismiss Plaintiffs' Complaint on January 19, 2024, for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). Docs. 11 and 12. Plaintiff sought an extension of time in which to respond to the pending dismissal motion (Doc. 14) which was granted (Doc. 15). Plaintiff filed his responsive pleading on February 20, 2024, and concedes pleading deficiencies in the operative complaint, requests leave file an amended complaint and simultaneously argues that the averments in the operative complaint are sufficient to survive the motion to dismiss. Doc. 17.

II. **ARGUMENTS AND AUTHORITIES.**

    A. **Failure to Comply with Local Rule 15.1 Mandates Denial of the Motion for Leave to File an Amended Complaint.**

Plaintiff has asked for leave to file a pleading that may not be filed as a matter of right and pursuant to D. Kan. R. 15.1, is required to: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading; and (3) attach a redlined version of the proposed amendment that shows all proposed changes to the pleadings. D. Kan. R. 15.1(a). Plaintiff's failure to submit the required pleading detailing the proposed amendments leaves the Court and counsel to guess as to whether leave should be granted pursuant to Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

---

[1] On January 30, 2024, Plaintiff Chansi Long dismissed her claims against all defendants. Doc. 13.

amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962). A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (citing *see, e.g., Foman*, 371 U.S. at 182 ("futility of amendment adequate justification to refuse to grant leave to amend")).

As set forth in detail in the Defendants' Motion to Dismiss and Memorandum in Support (Docs. 11 and 12), the operative complaint fails to state a cause of action against any of the defendants. Plaintiff fails to provide any details as to how the amended pleading could withstand a motion to dismiss. The motion simply avers that "if given the opportunity" Plaintiff believes he can set forth facts sufficient to support his claims against the City and the Individual Defendants. Doc. 17, pp. 3-4. However, Plaintiff does not proffer any actual facts or provide specificity that the proposed amendment would not be futile and subject to dismissal. The current complaint against the City does not plead any facts that would support a valid claim under *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), and Plaintiff's Response/Motion for Leave (Doc. 17) does not state any actual facts that would support a claim for a constitutional deprivation against the City. Similarly, qualified immunity bars the claims against the Individual Defendants and the Response/Motion for Leave (Doc. 17) does not provide the court with any facts that the Individual Defendants violated a clearly established right when they prevented Plaintiff Eravi from accessing the nonpublic homeless encampment.

Defendants would be prejudiced if Plaintiff is allowed to amend his complaint simply as a matter of course when faced with a motion to dismiss. Defendants cannot properly challenge the proposed amendment under Rule 15 and the *Foman* factors given the failure to comply with D.

Kan. R. 15.1. Plaintiff's Motion for Leave should be denied and the Court should consider Defendants' Motion to Dismiss based on the operative complaint.

### B. Plaintiff Fails to State a Claim Against the City of Lawrence.

In his Response, Plaintiff avers that he *believes* he can in good faith allege facts sufficient to support the allegation that the City vested final decision-making authority as to the homeless encampment with Cicely Thornton. Doc. 17, p. 3. Claiming that if he presents facts that the City's authorized decision-maker intentionally deprived him of a federally protected right, this would meet his burden to state a cause of action against the City under *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). Not only does Plaintiff fail to submit what facts purportedly support a claim that the City of Lawrence relinquished decision-making authority to Defendant Thornton, his reliance on *Board of County Cmm'rs v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997) is misplaced. In *Brown*, the Court discussed the burden of proof for liability to be placed on a municipality for the failure to train employees. Specifically finding that a plaintiff must show deliberate indifference through "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Brown*, 520 U.S. 397, 117 S.Ct. 1382, 1390. *Brown* does not stand for the proposition that *Monell* liability attaches to the City simply if the Plaintiff can state that Defendant Thornton was charged with final policy making power with regard to the homeless encampment.

Even assuming facts are pled to show that Defendant Thornton was charged as the final decision-maker for the City about policies related to the homeless encampment, Plaintiff still fails to state a cause of action against the City. Plaintiff asserts that his constitutional rights were violated because he was not allowed unfettered access to the homeless encampment any time he

wanted to enter. There are no facts set out in the Complaint or in Plaintiff's Response to Defendants' Motion to Dismiss that supports finding that a policy or decision made by Defendant Thornton to restrict or limit access to the homeless encampment equates to a discriminatory practice. No facts have been presented about what this specific policy was or how it was discriminatory. To the extent Plaintiff's claim centers around an action taken by Defendant Thornton as to whether Plaintiff was allowed to enter the homeless encampment, this relates to the action of an individual employee of the City. Actions of an employee is the exact conduct that *Monell* and its progeny have held protect local governments from liability. Plaintiff fails to state a claim against the City pursuant to Fed. R. Civ. P. 12(b)(6) and dismissal is warranted.

### C. Qualified Immunity Protects the Individual Defendants from Liability.

Plaintiff argues that qualified immunity will not protect the Individual Defendants if he is allowed to plead: (1) how the property where the homeless encampment was zoned at the time he was removed; (2) the way other homeless advocates were treated; (3) that individuals from the press were excluded from the homeless encampment; and (4) that the press, and specifically Plaintiff Eravi, were treated differently from other members of the public. Beyond proffering conclusory statements, Plaintiff does not provide any facts to support these contentions. Further, none of these allegations satisfy the two elements that must be met to overcome a defense of qualified immunity: (1) a violation of a clearly established constitutional right; "and (2) the infringed right at issue was clearly established at the time of the allegedly unlawful activity such that 'every reasonable official would have understood that what he [was] doing' violated the law." *Kerns v. Bader*, 663 F.3d 1173 (10th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

Simply discussing how a piece of land was zoned at the time Plaintiff was removed from the homeless encampment does not bear on the extent to which the government may regulate access to public property. Regardless of how a property is zoned, "[p]ublicly owned or operated property does not become a 'public forum' simply because members of the public are permitted to come and go at will." *Hawkins v. City and County of Denver*, 170 F.3d 1281, 1287 (10th Cir. 1999). As the Tenth Circuit held in *Hawkins*, a municipality can change the physical nature of the property to such an extent that it no longer has traditional public forum status. *Id.* Plaintiff's complaint demonstrates that the homeless camp is a nonpublic forum to which public access can be limited. Tenth Circuit precedent directs that "[a]cess to a nonpublic forum can be restricted" altogether by reasonable, viewpoint neutral rules. *Evans v. Sandy City*, 944 F.3d 847, 853 (10th Cir. 2019). Plaintiff's proffered conclusory allegation about the zoning of the property where the homeless encampment is located does not establish that restricting access to a homeless encampment violates a constitutional right that is clearly established.

Likewise, Plaintiff's proffered conclusory allegations that 'members of the press were excluded from the homeless encampment' and that 'the press and Plaintiff were treated differently than other members of the public' do not state a violation of the First Amendment. The 'right to speak and publish does not carry with it the unrestrained right to gather information.'" *Mocek v. City of Albuquerque*, 3 F. Supp. 3d 1002, 1069 (D.N.M. 2014) (citing *Zemel v. Rusk*, 381 U.S. 1, 16-17, 14 L.Ed.2d 179 (1965)). In the operative complaint, Plaintiff asserted that he was a member of the media and was engaged, in part, in reporting activities at the homeless encampment. Doc. 1, ¶¶ 39, 40, 41 and 44. The complaint concedes that Plaintiff's reporting was not restricted, rather his location was restricted to reporting outside of the barriers of the encampment. *Id.*, ¶¶ 49; 50. There is nothing new in the proffered allegations that support a violation of Plaintiff's First

Amendment rights. Plaintiff's blanket statement that "the press was excluded from the homeless camp" does not meet the standard to avoid dismissal under *Iqbal*, 556 U.S. at 678.

Nothing in Plaintiff's Response or the proffered additional factual allegations show a violation of a clearly established right that would preclude application of qualified immunity to the Individual Defendants. There is no Tenth Circuit or Supreme Court case, or clear authority from other courts, that places the conduct of the Individual Defendants in restricting access to the homeless camp "beyond debate," *Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022). Because Plaintiff cannot meet the "heavy two-part burden" that would preclude application of qualified immunity to the Individual Defendants, dismissal is warranted. *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir.2001) (quoting *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995)).

### D.     Plaintiff does not state a claim for abuse of process.

Plaintiff argues that he has stated a cause of action for abuse of process because probable cause did not exist to issue him a citation for trespassing, and he believes that the citation was issued without a rational basis and in retaliation for his reporting activities. Doc. 17, p. 4. The existence of probable cause for issuing Plaintiff a citation for trespass is not a conclusion or assumption on the part of the Defendants, it is based on Plaintiff's own complaint. A review of the factual allegations in the complaint (Doc. 1) clearly support that probable cause existed when Plaintiff was issued a citation for trespass. Plaintiff knew he was enjoined from entering the homeless encampment, was twice ordered not to enter, and thereafter admits that he intentionally entered the homeless encampment. Doc. 1, ¶¶ 52, 58, 65, 66 and 67. Not only was there probable cause to issue Plaintiff a citation for trespass, the complaint does not contain any factual allegations that the Individual Defendants issued the citation for any other purpose except to hold Plaintiff

responsible for his action of trespass. *Safeguard Business Sys., Inc. v. Hoeffel*, No. 89-24444-0, 1991 WL 12867, at *6 (D. Kan. Jan. 16, 1991); *Porter v. Stormont-Vail Hosp.*, 228 Kan. 641, 621 P.2d 411, 416 (1980).

Plaintiff fails to make a plausible claim for abuse of process. Issuing a citation to Plaintiff because he entered property when he was enjoined from doing so was not acting for an improper purpose. Plaintiff presents nothing but conclusory allegations that the citation for trespass was issued for an improper purpose and the § 1983 abuse of process claim must be dismissed.

### III.   CONCLUSION

Plaintiffs' Complaint fails to state a claim against Defendants, City of Lawrence, Kansas, Cicely Thornton, Ryan Robinson and Skylar Richardson and the same should be dismissed with prejudice. Further, Plaintiff's request to file an amended complaint should be denied for failure to comply with D. Kan. R. 15.1 and because the brief description of the proposed additions, demonstrate that any amendment would be futile.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832


By:   */s/ Michelle R. Stewart*
    Michelle R. Stewart, mstewart@hinklaw.com   #19260
    Lindsey R. Freihoff, lfreihoff@hinklaw.com   #28560

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 6 day of March, 2024, the foregoing *Reply in Support of Defendants' Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint* was filed electronically with the Clerk of the US District Court for the District of Kansas; and a copy was served via ECF electronic notification and via email upon the following:

Joseph T. Welsh, #78138 - joe@jtwelshlaw.com
*Attorneys for Plaintiffs*

                              /s/ *Michelle R. Stewart*
                              ATTORNEYS FOR DEFENDANTS