UNITED STATES DISTRICT COURT
FOR THE DISTICT OF KANSAS

| | |
|---|---|
| PHILLIP MICHAEL ERAVI; CHANSI LONG; and LAWRENCE ACCOUNTABILITY, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 5:23-cv-04109-JAR-GEB |
| vs. | ) ) |
| CITY OF LAWRENCE, KANSAS; CICELY THORNTON: RYAN ROBINSON; and SKYLAR RICHARDSON, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS CITY OF LAWRENCE, KANSAS,
CICELY THORNTON, RYAN ROBINSON AND SKYLAR RICHARDSON'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND,
SUPPLEMENT, JOIN ADDITIONAL PARTIES AND TO CONSOLIDATE**

COME NOW, Defendants, by and through their counsel of record, and offer the following opposition to Plaintiff's Motion to Amend, Supplement, Join Additional Parties and to Consolidate. (Doc. 20). Plaintiff's Motion fails to establish the standard for leave to amend stated in Fed R. Civ. P. 15(a), fails to meet the requirements of Fed. R. Civ. P. 18(b) to join claims, and Rule 20(a)(2) to join parties and the Court should deny the same.

Plaintiff's Complaint (Doc. 1) fails to state a claim against the Defendants upon which relief can be granted and is subject to a pending dismissal motion. (Docs. 11 and 12). Plaintiff seeks leave to amend his complaint, but does not set forth any new facts that would state a claim against these defendants, rather he attempts to add claims and parties from an entirely separate suit.

I.   **PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint (Doc. 1) on November 15, 2023, alleging two counts against the Defendants collectively pursuant to 42 U.S.C. § 1983: Count I for violations of the First

Amendment and Count II for Abuse of Process[1]. Defendants timely moved to dismiss Plaintiffs' Complaint on January 19, 2024, for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 11 and 12). Plaintiff sought an extension of time in which to respond to the pending dismissal motion (Doc. 14) which was granted (Doc. 15). Plaintiff filed his responsive pleading on February 20, 2024, conceding pleading deficiencies in the operative complaint, and requesting leave to file an amended complaint. (Doc. 17). On March 6, 2024, Defendants filed their Reply in Support of their Motion to Dismiss and opposing Plaintiff's request for leave to amend. (Doc. 18).

On May 19, 2024, over two months after briefing concluded on Defendants' Motion to Dismiss, Plaintiff filed the instant motion asking the Court to allow filing of an amended complaint and improperly seeking to combine claims asserted in a second lawsuit, Case No. 5:24-cv-4042, that was filed May 17, 2024. (Doc. 20).

**II.   ARGUMENTS AND AUTHORITIES.**

    **A.   Plaintiff fails to Satisfy the Requirements of Rule 15.**

Federal Rule of Civil Procedure 15 governs amendment of pleadings before trial, providing that a party may amend its pleadings "once as a matter of course" within 21 days after service or within 21 days after service of a responsive pleading, or motion under Fed. R. Civ. P. (b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)(B). Other amendments are allowed only with written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). While Rule 15(a)(2) provides that the court should "freely give leave when justice requires", leave may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[1] On January 30, 2024, Plaintiff Chansi Long dismissed her claims against all defendants. Doc. 13.

opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, NO. CIV.A. 09-2616-KHV, 2010 WL 4004874 at *3 (D. Kan. Oct. 12, 2010) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (citing *see, e.g., Foman*, 371 U.S. at 182 ("futility of amendment adequate justification to refuse to grant leave to amend")).

Local Rule 15.1 requires Plaintiff to: (1) set forth a concise statement of the amendment or leave sought; (2) attach the proposed pleading; and (3) attach a redlined version of the proposed amendment that shows all proposed changes to the pleadings.  D. Kan. R. 15.1(a).  Plaintiff's motion does not provide a basis for the amendment sought in the instant matter, he simply asks to combine claims he is making in a separate lawsuit.  The redlined complaint attached to the motion, is nothing more than a strike-through of the entire operative complaint, which does not show the proposed changes to the pleading contemplated by the amendment.  Plaintiff's motion should be denied because Defendants cannot properly challenge the proposed amendment under Rule 15 and the *Foman* factors given Plaintiff's failure to comply with Local Rule 15.1. There is no easy way to determine what Plaintiff is asking the court to allow him to amend that pertain to the claims in this litigation rather than the claims in Case No.: 5:24-cv-04042.

The motion to amend should be denied because the amended complaint is futile in attempting to join party defendants and claims in violation of Rule 18(a) and Rule 20(b)(2).  The right to relief in the amended complaint does not arise from the same transaction or occurrence, nor is there a question of law or fact common to **all the defendants**. See *Green Constr. Co. v. Kan. Power & Light Co.,* No. 87–2070–S, 1989 WL 117440, at *1 (D.Kan. Sept. 11, 1989) (emphasis added).  The amended complaint would be subject to a motion to dismiss as Defendants Thorton,

Robinson and Richardson had no involvement in the claims asserted in Case No.: 5:24-cv-04042 which justifies denial of Plaintiff's motion.

Plaintiff argues that he is simply supplementing his pleadings pursuant to Rule 15(d) which allows parties to serve supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Nowhere in Plaintiff's 75 page, 332 paragraph proposed amended complaint, are there any 'new occurrences or transactions' that happened *after* the date of the pleading to be supplemented. As detailed below, the factual averments Plaintiff seeks to include arise out of his arrest on or around May 19/20, 2023, which occurred *before* he filed his operative complaint on November 15, 2023. (Doc. 1). Plaintiff does not satisfy Rule 15(d)'s requirement that the proposed supplemental pleading must allege events or transactions that happened after the pleading to be supplemented. Fed. R. Civ. P. 15(d).

Because Plaintiff cannot satisfy the Rule 15 requirements of amendment or supplementation, his Motion must be denied.

### B.     Plaintiff's Request to Consolidate Must Be Denied.

Consolidation of this action with Case No.: 5:24-cv-04042, violates Fed. R. Civ. P. 18(a) or 20(a)(2). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). In *McLemore v. Saline Cnty. Sheriff's Off.* this Court discussed Rule 18(a) finding that, "[u]nrelated claims against different defendants belong in different suits." *McLemore v. Saline Cnty. Sheriff's Off.*, No. 15-3202-JAR-DJW, 2016 WL 3522048, at *4 (D. Kan. June 28, 2016), *aff'd sub nom. McLemore v. Darr*, 736 F. App'x 753 (10th Cir. 2018) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  Rule 18(a) provides for

multiple claims against a single party, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id*. see also *Gillon v. Federal Bureau of Prisons*, 424 F. Appx. 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many of them arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all allege constitutional violations relating to his overarching allegation of retaliation by prison officials).

Rule 20(a)(2) allows a party to join persons as defendants in one action if "(A) any right to relief is asserted against them jointly or severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added). A plaintiff is not allowed to bring multiple claims against multiple defendants unless the Rule 20(a)(2) nexus is demonstrated with respect to all defendants named in the action.

Plaintiff's request to consolidate these two separate cases violates Rule 18 because it impermissibly combines separate and unrelated claims arising out of two different alleged incidents each involving different defendants. Plaintiff's allegations in this suit arise from trespassing at the City's homeless encampment on March 27, 2023, and have no connection to Plaintiff's arrest on May 20, 2023, for interfering with law enforcement officers while at the scene of an active shooter situation. The analysis of whether the Defendants named in this litigation violated Plaintiff's First Amendment Rights or Abused Process is completely separate from an analysis of whether Defendants named in Plaintiff's separate litigation engaged in retaliatory arrest, violated Plaintiff's 4th Amendment Rights, used excessive force in his arrest or engaged in malicious prosecution. Simply because the City of Lawrence is a Defendant in both lawsuits does satisfy the requirements of Rule 18(a) because the claims do not arise out of the same operative

set of facts.  In this suit, Plaintiff fails to identify any policy, custom or practice of the City of Lawrence that would give rise to a cause of action, and if any policy were identified, it is related to the City's homeless encampment.  Plaintiff's separate litigation asserts claims against the City under *Monell* for failure to train/supervise and for inadequate police policies dealing with citizen recordings. (Case No. 5:24-cv-4042, Doc. 1).  Plaintiff's claims against the City in each suit are completely separate and require different analysis. Each situation involves different facts, different forums and different criteria implicating the analysis.  As a result the differing factual situations will render the legal analysis wholly distinct and separate and it is improper to join the same pursuant to Rule 18.

Consolidation of the two suits is also improper pursuant to Rule 20 because the Defendants are not shown to be connected to all claims by a common occurrence or question of fact or law. In this action, Plaintiff sues the City of Lawrence, Cecily Thornton (City of Lawrence Homeless Program Specialist), Sergeant Ryan Robinson and Officer Skylar Richardson for violating his First Amendment Rights and Abuse of Process when issuing him a citation for trespassing when he entered the City's homeless encampment on March 27, 2023, after being directed not to enter. (Doc. 1, ¶¶ 47, 50, 52, 53, 65-68).  In Case No.: 5:24-cv-4042, Plaintiff sues Lawrence Police Officers David McShane, Meagan Shipley, Grant Foster, Austin Twite and the City of Lawrence for claims arising out of his arrest on May 19/20, 2023.  Defendants Thornton, Robinson and Richardson were not involved in any of the events or occurrences alleged in Case No. 5:24-cv-4042 and Defendants McShane, Shipley, Foster and Twite were not involved in any of the events or occurrences at issue in this lawsuit.

Federal Rule of Civil Procedure 18 and 20 preclude consolidation of this matter with Case No.: 5-24-cv-4042 and Plaintiff's motion must be denied.

### III. CONCLUSION

Plaintiffs' Motion for leave to file an amended complaint must be denied for failure to comply with Rule 15 and D. Kan. R. 15.1.  Plaintiff's request to consolidate this matter with Case No.: 5:24-cv-4042 must be denied because the claims do not arise out of the same operative set of facts, and there are not common questions of law and fact among all the proposed defendants.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend/Consolidate and for such other and further relief that this court deems just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
8711 Penrose Lane, Suite 400
Lenexa, Kansas 66219-8197
913-345-9205/ FAX: 913-345-4832

By:   /s/  Michelle R. Stewart
   Michelle R. Stewart, mstewart@hinklaw.com   #19260
   Lindsey R. Freihoff, lfreihoff@hinklaw.com   #28560

ATTORNEYS FOR DEFENDANTS
CITY OF LAWRENCE, KANSAS;
CICELY THORNTON; RYAN ROBINSON; and
SKYLAR RICHARDSON

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of January, 2024, the foregoing *Response In Opposition To Plaintiff's Motion To Amend, Supplement, Join Additional Parties And To Consolidate* was filed electronically with the Clerk of the US District Court for District of Kansas; and a service copy was served via ECF electronic notification on the following:

Linus L. Baker, #18197 (linusbaker@prodigy.net)
6732 West 185th Terrace
Stilwell, KS 66085-8922
913-486-3913 / Fax 913-232-8734
*Attorneys for Plaintiff*

        /s/  Michelle R. Stewart
ATTORNEYS FOR DEFENDANTS

4880024